# ALABAMA SJIS CASE DETAIL

**PREPARED FOR: JENNIFER PARKER**


alacourt.com

County: **02**    Case Number: **CV-2017-901322.00**    Court Action:

Style: **ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL**

**Real Time**

## Case

### Case Information

| | | | |
|---|---|---|---|
| County: | **02-MOBILE** | Case Number: **CV-2017-901322.00** | Judge: **RPS:JUDGE RICK STOUT** |
| Style: | **ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL** | | |
| Filed: | **05/16/2017** | Case Status: **ACTIVE** | Case Type: **WRONGFUL DEATH** |
| Trial Type: | **JURY** | Track: **FAST** | Appellate Case: **0** |
| No of Plaintiffs: | **1** | No of Defendants: **3** | |

### Damages

| | | | |
|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: **0.00** | General Damages: **0.00** |
| No Damages: | | Compensatory Damages: **0.00** | |
| Pay To: | | Payment Frequency: | Cost Paid By: |

### Court Action

| | | |
|---|---|---|
| Court Action Code: | Court Action Desc: | Court Action Date: |
| Num of Trial days: **0** | Num of Liens: **0** | Judgment For: |
| Dispositon Date of Appeal: | Disposition Judge: **:** | Disposition Type: |
| Revised Judgement Date: | Minstral: | Appeal Date: |
| Date Trial Began but No Verdict (TBNV1): | | |
| Date Trial Began but No Verdict (TBNV2): | | |

### Comments

Comment 1:
Comment 2:

### Appeal Information

| | | |
|---|---|---|
| Appeal Date: | Appeal Case Number: | Appeal Court: |
| Appeal Status: | Orgin Of Appeal: | |
| Appeal To: | Appeal To Desc: | LowerCourt Appeal Date: |
| Disposition Date Of Appeal: | Disposition Type Of Appeal: | |

### Administrative Information

| | | |
|---|---|---|
| Transfer to Admin Doc Date: | Transfer Reason: | Transfer Desc: |
| Number of Subpoenas: | Last Update: **05/17/2017** | Updated By: **RUP** |

## Settings

### Settings

| | Date: | Que: | Time: | Description: |
|---|---|---|---|---|
| 4 | **02/09/2018** | **001** | **09:00 AM** | **READ - CERT TO BE FILED** |

## Parties

### Party 1 - Plaintiff INDIVIDUAL - LEVINGSTON ELIZABETH


EXHIBIT C

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | C001-Plaintiff | Name: | LEVINGSTON ELIZABETH | Type: | I-INDIVIDUAL |
| Index: | D LUNA JOSE | Alt Name: | | Hardship: No | JID: RPS |
| Address 1: | 207 VAIL COVE | | | Phone: (205) 000-0000 | |
| Address 2: | | | | | |
| City: | MADISON | State: MS | | Zip: 39110-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | MCC166 | | MCCLURKIN SAMUEL PRESTON | MAC@CITRINLAW.COM | (251) 626-7766 |

## Party 2 - Defendant INDIVIDUAL - LUNA JOSE AREVALO

## Party Information

| | | | | | |
|---|---|---|---|---|---|
| Party: | D001-Defendant | Name: | LUNA JOSE AREVALO | Type: | I-INDIVIDUAL |
| Index: | C LEVINGSTON E | Alt Name: | | Hardship: No | JID: RPS |
| Address 1: | 217 SOUTH REYNOLDS STREET | | | Phone: (205) 000-0000 | |
| Address 2: | | | | | |
| City: | RIO HONDO | State: TX | | Zip: 78583-0000 | Country: US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | Race: |

## Court Action

| | | | | |
|---|---|---|---|---|
| Court Action: | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: $0.00 | Date Satisfied: | |
| Comment: | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | |
|---|---|---|---|
| Issued: 05/17/2017 | Issued Type: C-CERTIFIED MAIL | Reissue: 05/17/2017 | Reissue Type: C-CERTIFIED MAIL |
| Return: | Return Type: | Return: | Return Type: |
| Served: 05/26/2017 | Service Type C-CERTIFIED MAIL | Service On: | Served By: |

| Answer: | Answer Type: | | Notice of No Service: | Notice of No Answer: |
|---|---|---|---|---|

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - SEAHORSE TRANSPORTATION, INCORPORATED

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D002-Defendant** | Name: | **SEAHORSE TRANSPORTATION, INCORPORATED** | | Type: | **B-BUSINESS** |
| Index: | **C LEVINGSTON E** | Alt Name: | | Hardship: **No** | JID: | **RPS** |
| Address 1: | **POST OFFICE BOX 3767** | | | Phone: | **(205) 000-0000** | |
| Address 2: | | | | | | |
| City: | **BROWNSVILLE** | State: | **TX** | Zip: | **78521-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **05/16/2017** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant BUSINESS - SEAHORSE TRANSPORTATION, INCORPORATED

### Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D003-Defendant** | Name: | **SEAHORSE TRANSPORTATION, INCORPORATED** | | Type: | **B-BUSINESS** |
| Index: | **C LEVINGSTON E** | Alt Name: | | Hardship: **No** | JID: | **RPS** |
| Address 1: | **3051 NORTH INDIANA AVENUE** | | | Phone: | **(205) 000-0000** | |
| Address 2: | | | | | | |
| City: | **BROWNSVILLE** | State: | **TX** | Zip: | **78526-0000** Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | | Court Action For: | Exemptions: | |
| Cost Against Party: | **$0.00** | | Other Cost: | **$0.00** | Date Satisfied: |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | | Warrant Action Status: | Status Description: | |

## Service Information

| | | | | |
|---|---|---|---|---|
| Issued: | **05/16/2017** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | | Service Type | | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

# Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | **$8.55** | $8.55 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | **$0.00** | $18.79 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | **$315.00** | $315.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | **$100.00** | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | **$45.00** | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $468.55 | $487.34 | -$18.79 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/23/2017 | CREDIT | CONV | 2017174 | 4183840 | $18.79 | C001 | 000 | | N | | | CHC |
| 05/23/2017 | RECEIPT | AOCC | 2017174 | 4183830 | $8.55 | C001 | 000 | | N | | | CHC |
| 05/23/2017 | RECEIPT | CV05 | 2017174 | 4183850 | $315.00 | C001 | 000 | | N | | | CHC |
| 05/23/2017 | RECEIPT | VADM | 2017174 | 4183860 | $45.00 | C001 | 000 | | N | | | CHC |
| 05/23/2017 | RECEIPT | JDMD | 2017174 | 4183870 | $100.00 | C001 | 000 | | N | | | CHC |

# Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 5/16/2017 | 4:38 PM | ECOMP | COMPLAINT E-FILED. | MCC166 |
| 5/16/2017 | 4:39 PM | FILE | FILED THIS DATE: 05/16/2017        (AV01) | AJA |
| 5/16/2017 | 4:39 PM | EORD | E-ORDER FLAG SET TO "Y" | AJA |
| 5/16/2017 | 4:39 PM | ASSJ | ASSIGNED TO JUDGE: RODERICK P. STOUT        (AV01) | AJA |
| 5/16/2017 | 4:39 PM | SCAN | CASE SCANNED STATUS SET TO: N        (AV01) | AJA |
| 5/16/2017 | 4:39 PM | TDMJ | JURY TRIAL REQUESTED        (AV01) | AJA |
| 5/16/2017 | 4:39 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE        (AV01) | AJA |
| 5/16/2017 | 4:39 PM | ORIG | ORIGIN: INITIAL FILING        (AV01) | AJA |

Case 1:17-cv-00280-CG-B   Document 1-3   Filed 06/19/17   Page 5 of 48

| 5/16/2017 | 4:39 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
|-----------|---------|------|------------------------------------------|-----|
| 5/16/2017 | 4:39 PM | C001 | C001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 5/16/2017 | 4:39 PM | C001 | LISTED AS ATTORNEY FOR C001: MCCLURKIN SAMUEL PRE | AJA |
| 5/16/2017 | 4:39 PM | C001 | C001 PARTY ADDED: LEVINGSTON ELIZABETH     (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D001 | D001 PARTY ADDED: LUNA JOSE AREVALO        (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE        (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D001 | D001 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D001 | CERTIFIED MAI ISSUED: 05/16/2017 TO D001   (AV02) | AJA |
| 5/16/2017 | 4:39 PM | D002 | D002 PARTY ADDED: SEAHORSE TRANSPORTATION, INCORPO | AJA |
| 5/16/2017 | 4:40 PM | D002 | CERTIFIED MAI ISSUED: 05/16/2017 TO D002   (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE        (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D002 | D002 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D003 | D003 PARTY ADDED: SEAHORSE TRANSPORTATION, INCORPO | AJA |
| 5/16/2017 | 4:40 PM | D003 | CERTIFIED MAI ISSUED: 05/16/2017 TO D003   (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE        (AV02) | AJA |
| 5/16/2017 | 4:40 PM | D003 | D003 E-ORDER FLAG SET TO "N"          (AV02) | AJA |
| 5/17/2017 | 9:51 AM | TRAC | CASE ASSIGNED TO: FAST     TRACK        (AV01) | RUP |
| 5/17/2017 | 9:51 AM | DAT4 | FOR: CERT TO BE FILED ON 02/09/2018 @ 0900A (AV01) | RUP |
| 5/17/2017 | 9:51 AM | D001 | CERTIFIED MAI ISSUED: 05/17/2017 TO D001   (AV02) | RUP |
| 5/17/2017 | 9:51 AM | SORD | SERVICE ORDER SENT TO D001 | RUP |
| 5/17/2017 | 9:52 AM | ESCAN | SCAN - FILED 5/16/2017 - PRE TRIAL ORDER | RUP |
| 5/17/2017 | 12:05 PM | ESCAN | SCAN - FILED 5/16/2017 - SUMMONS ISSUED | RUP |
| 5/30/2017 | 2:26 PM | ESERC | SERVICE RETURN | HUP |
| 5/30/2017 | 2:26 PM | D001 | SERVICE OF CERTIFIED MAI ON 05/26/2017 FOR D001 | HUP |

 **END OF THE REPORT**

ELECTRONICALLY FILED
5/16/2017 4:38 PM
02-CV-2017-901322.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>02<br><br>Date of Filing:   Judge Code:<br>05/16/2017 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### ELIZABETH LEVINGSTON v. JOSE AREVALO LUNA ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☐ Business  ☑ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

---

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☑ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

---

**ORIGIN:**   F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

   R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

---

**RELIEF REQUESTED:**   ☐ MONETARY AWARD REQUESTED ☑ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**

MCC166 | 5/16/2017 4:38:08 PM | /s/ SAMUEL P MCCLURKIN IV
| Date | Signature of Attorney/Party filing this form

---

**MEDIATION REQUESTED:**   ☑ YES ☐ NO ☐ UNDECIDED

ELECTRONICALLY FILED
5/16/2017 4:38 PM
02-CV-2017-901322.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| ELIZABETH LEVINGSTON, as | * |
| Administratrix of the Estate of GEORGE | * |
| FREDRICK LEVINGSTON, II, Deceased, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL ACTION NO. 17-_____ |
| | * |
| JOSE AREVALO LUNA; SEAHORSE | *   PLAINTIFF RESPECTFULLY REQUESTS |
| TRANSPORTATION, INCORPORATED, | *   TRIAL BY JURY |
| | * |
| Defendants. | * |
| | * |

## COMPLAINT

Comes now Plaintiff, Elizabeth Levingston ("Elizabeth"), as Administratrix of the Estate of George Fredrick Levingston, II ("Levingston"), Deceased, and alleges against Defendants as follows:

1.     Defendant Jose Arevalo Luna, ("Luna") is a resident of Cameron County, Texas, and on October 23, 2016, served as an agent, servant, and/or employee of Seahorse Transportation, Incorporated ("Seahorse") and was working within the line and scope of his employment at the time of wreck made the basis of the above-styled cause.

2.     Seahorse is a Texas corporation conducting business in Mobile County, Alabama at the time of the subject wreck.

3.     On October 23, 2016, at approximately 1:13 pm, Luna, while working within the line and scope of his employment with Seahorse, was operating a vehicle owned by Seahorse on Interstate 65 in Mobile County, Alabama.  At said time and place, Luna negligently and/or

wantonly failed to pay proper attention to the roadway, maintain control of his vehicle, maintain a proper distance from vehicles and pedestrians in front of him, maintain a safe speed and/or avoid impacting other vehicles and pedestrians, when he failed to notice and collided violently into Levingston, who was attempting to remedy a hazard by removing a grill from the roadway.

4.    As an actual and proximate result of Luna's conduct, Levingston suffered catastrophic injuries resulting in his wrongful death.

Wherefore, Plaintiff demands judgment against Defendants for such damages as the jury may assess.

**<u>Plaintiff Respectfully Demands Trial By Jury</u>**.

Respectfully submitted,

**CITRIN LAW FIRM, P.C.**
Attorney for Plaintiff

 */s/ Samuel P. McClurkin, IV*
SAMUEL P. McCLURKIN, IV (MCC166)
Post Office Drawer 2187
Daphne, Alabama  36526
Telephone:     (251) 621-3000
Facsimile:      (251) 626-4943
mac@citrinlaw.com

**<u>DEFENDANTS MAY BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:</u>**

Jose Arevalo Luna
217 South Reynolds Street
Rio Hondo, Texas  78583

Seahorse Transportation, Incorporated
Post Office Box 3767
Brownsville, Texas  78521

3051 N Indiana Ave
Brownsville, Texas  78526

ELECTRONICALLY FILED
5/16/2017 4:38 PM
02-CV-2017-901322.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| ELIZABETH LEVINGSTON, as | * | |
| Administratrix of the Estate of GEORGE | * | |
| FREDRICK LEVINGSTON, II, Deceased, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL ACTION NO. 17-_____ |
| | * | |
| JOSE AREVALO LUNA; SEAHORSE | * | PLAINTIFF RESPECTFULLY REQUESTS |
| TRANSPORTATION, INCORPORATED, | * | TRIAL BY JURY |
| | * | |
| Defendants. | * | |
| | * | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT JOSE AREVALO LUNA

COMES NOW Plaintiff and requests Defendant JOSE AREVALO LUNA answer the following interrogatories and requests for production:

### INTERROGATORIES

1.      Name and identify each person whom you expect to call as an expert witness at trial, giving the address of each person and a list of his or her educational background and experience which you claim qualifies such person as an expert.

ANSWER:



2.      State the subject matter on which each person named in the response to Interrogatory Number 1 is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion held by each expert.

ANSWER:

3.      State the name and last known address of each person known to you who was:

      (a)      An eyewitness to the incident referred to in the Complaint;

      (b)      Within sight or hearing distance of the incident referred to in the Complaint;

      (c)      In possession of firsthand knowledge of the facts and circumstances of the incident referred to in the Complaint, or of the events leading up to or following said incident.

<u>ANSWER</u>:

4.      State the name and last known address of each person known to you who has <u>any knowledge</u> whatsoever regarding the facts and circumstances surrounding the incident referred to in the Complaint.

<u>ANSWER</u>:

5.      State the name and last known address of each person known to you who claims to have seen or heard any of the parties (or their agents, servants, employees or anyone acting on their behalf) make any statement(s) pertaining to the incident referred to in the Complaint.

<u>ANSWER</u>:

6.      Please give a detailed description of how the wreck made the basis of this lawsuit occurred.

<u>ANSWER</u>:

7.      Please give a detailed description of your activities during the twenty-four (24) hour period prior to this wreck.

ANSWER:


8.      If you were on any type of medication or had consumed any alcohol or any type of substance that impacted your faculties, please identify with specificity the medication, alcohol or substance, the amount consumed, and when last taken.

ANSWER:


9.      If you contend that this wreck was caused as a result of any health condition from which you may suffer, please identify said health condition and the role that it allegedly played in the wreck.

ANSWER:


10.      Do you contend that the Plaintiff's decedent was contributorily negligent?  If so, please identify each and every fact upon which you base that allegation.

ANSWER:


11.      Please state the name of your personal and business automobile insurer for liability, umbrella and excess coverage, on the date of this wreck, including your policy number and the amount of your coverage and please produce a copy of the declarations page.

ANSWER:

12.     Please identify with specificity any and all driving violations of any type for which you have ever been cited, including the date and county where you were cited.

ANSWER:

13.     Please identify with specificity any criminal offense with which you may have been arrested and/or charged, including the date, county, circumstances leading to the offense, and ultimate resolution of each offense.

ANSWER:

14.     Please identify with specificity any and all civil lawsuits with which you may have been involved in as a party.

ANSWER:

15.     Treating this interrogatory as a request for production pursuant to Rule 34 of the Alabama Rules of Civil Procedure, please produce the following:

      (a)     Any and all materials, writings, documents, reports, memorandum, or any material of any type whatsoever that was relied upon in the preparation of answers to these interrogatories;

      (b)     Any and all trial exhibits.

ANSWER:

16.     Please identify the cellular telephone provider, including name and address, for any cell phone in your possession at the time of this wreck and include in your response the cellular telephone number and the name of the entity owning said telephone(s).  Include in your response whether or not you were using your cell phone, including texting, messaging, voice call, and/or social media post, immediately prior to the accident made the basis of this suit.  Please produce a copy of all cell phone records for the date of the wreck.

ANSWER:


17.     Please list all other wrecks in which you have been involved, including the date and county of each wreck, the circumstances surrounding each wreck, and who was at fault for causing each wreck.  Please state whether you have been involved in other wrecks resulting in a fatality, and, if so, please provide the circumstances surrounding each.

ANSWER:


18.     Please state whether you were on the job at the time of the subject wreck.  If so, please state the company for whom you were on the job and the purpose for your trip.

ANSWER:


19.     Please list all medications to which you were prescribed on the date of the subject wreck, including why you were taking each medication, the name of the physician prescribing each medication, and the name and location of the pharmacy where you had each medication filled.

ANSWER:

20.    Who owned your vehicle?    If it was a company, employer or business, please state the correct legal name of each company, employer or business and provide all insurance policy information including commercial general liability and automobile or equipment policies. Please produce copies of these policies and their declaration pages.

ANSWER:

21.    Please identify and provide the user name for all social media or social networking accounts that you have had since the date of the subject wreck (including, but not limited to, any and all Facebook accounts, Twitter accounts, Myspace accounts, and LinkedIn accounts).

ANSWER:

22.    Please identify any and all social media communications (including forwards, replies, tweets, retweets, wall posts and comments, status updates, private messages, emails, and blog entries or comments) that relate in any way to: (1) the accident at issue in this lawsuit, (2) your activities on the day of the accident at issue in this lawsuit; or (3) injuries you suffered in the wreck, if any.

ANSWER:

23.    Please state the names of your passengers, if any, and your knowledge of the injuries suffered by each.

ANSWER:

24.     Please describe all ways in which you were injured in the subject wreck.

ANSWER:


25.     Please state the location and address of your departure point as well as the location and address of your destination, and the purpose of your trip.

ANSWER:


26.     Please state whether you ever have been reprimanded, warned, disciplined and/or terminated as a result of any incident whatsoever during your employment with Seahorse, including this incident.

ANSWER:


27.     How fast do you claim you were traveling before coming upon and striking Mr. Levingston?

ANSWER:

## <u>REQUESTS FOR PRODUCTION</u>

1.      Your complete investigative file relating to the wreck made the basis of this lawsuit, including any investigation conducted by any third party on your behalf.  Please provide a privilege log for all documents or materials you refuse to produce.

<u>RESPONSE</u>:


2.      Any and all photographs that relate to the scene of the wreck, the vehicles involved in the wreck, or which relate in any way to the wreck made the basis of this lawsuit.

<u>RESPONSE</u>:


3.      Any and all diagrams, schematics, rough drawings, or other materials that reflect the wreck scene, the position of the involved vehicles, landmarks, road signs, or other physical aspects of the wreck and the wreck scene.

<u>RESPONSE</u>:


4.      Any and all documents or materials of any type whatsoever that relate to the damages sustained by the vehicles involved in the wreck, said request to include, but not be limited to, damage estimates, body shop estimates, repair tickets, repair invoices, and/or appraisals of the vehicles.

<u>RESPONSE</u>:

5.      Any and all documents or materials of any type whatsoever reflecting ownership of the vehicle you were operating at the time of the wreck made the basis of this lawsuit.

RESPONSE:

6.      Any and all documents or materials of any type whatsoever that relate to any business you were on, errand you were running, or task that you were performing at the time of the wreck made the basis of this lawsuit.

RESPONSE:

7.      To the extent you contend any health condition from which you may be suffering contributed to the wreck made the basis of this lawsuit, any and all documents or materials of any type whatsoever that support this contention.

RESPONSE:

8.      To the extent you contend that the Plaintiff's decedent was contributorily negligent, any and all documents or materials of any type whatsoever that relate to this allegation.

RESPONSE:

9.      Any and all documents or materials of any type whatsoever that relate in any way to your driving record.

RESPONSE:

10.     Please produce a copy of your driver's license.

<u>RESPONSE</u>:


11.     Any and all contracts of insurance, contracts of indemnity, third-party indemnity agreements, which in any way provide insurance coverage or indemnification to you, for the events made the basis of this lawsuit.

<u>RESPONSE</u>:


12.     Please produce a copy of any and all text messages, emails, records, reports, videos, photographs, voice mail messages, audio recordings and/or any other document – whether electronically stored information or "hard copy" -  related to and/or concerning the accident made the basis of the above-styled cause, the vehicles and/or persons involved.

<u>RESPONSE</u>:


13.     Please produce a copy of your cell phone records, including texting information, from the date of the wreck.  If you claim you were unable to obtain said records, please list every effort you made to obtain the same, including each date you attempted to obtain the records, the name of the person with whom you spoke, and what you were told.  Please state whether you attempted to obtain said records online.

<u>RESPONSE</u>:


14.     Please provide copies of the following items for any and all social media accounts you have maintained since October 23, 2016:

- any and all status updates made by you during the week before and the week after the date of the subject wreck (whether or not they have been deleted from public view);

- any and all wall posts made to your account by others since the date of the subject wreck (whether or not they have been deleted from public view) that relate to (1) the accident at issue in this lawsuit; and (2) your activities on the day of the accident at issue in this lawsuit;

- any and all photographs uploaded by you to your account since the date of the subject wreck (whether or not they have been deleted from public view) that relate to (1) the accident at issue in this lawsuit, and (2) your activities on the day of the accident at issue in this lawsuit; and

- any and all other information posted by you on your account since the date of the subject wreck (whether or not it has been deleted from public view) that relates to (1) the accident at issue in this lawsuit; and (2) your activities on the day of the accident at issue in this lawsuit.

To the extent responsive information has previously been deleted, it can be recovered by retrieving the "Downloaded Info," "Expanded Archive," and "Activity Log" data from Facebook. "Downloaded Info" and "Expanded Archive" information can be retrieved by logging in to your Facebook account, going to the "Account Settings" page, and clicking on the link for "Download a copy of your Facebook data," which will direct you to a page with instructions for downloading both archive data and expanded archive data. Your activity log can be accessed by clicking the "Activity Log" button on your timeline, under your cover photo.

RESPONSE:

15.    Please provide copies of any and all social media communications (including emails and private messages) since the date of the subject wreck that relate to (1) the accident at issue in this lawsuit; and (2) your activities on the day of the accident at issue in this lawsuit.

RESPONSE:

Page **11** of 12

16.    Please produce any and all receipts (whether credit, debit, cash, check or other) for any and all alcoholic beverages you purchased on October 23, 2016 from any source whatsoever.

<u>RESPONSE:</u>

Respectfully submitted,

**CITRIN LAW FIRM, P.C.**
Attorney for Plaintiff

*/s/ Samuel P. McClurkin, IV*
SAMUEL P. McCLURKIN, IV (MCC166)
Post Office Drawer 2187
Daphne, Alabama  36526
Telephone:    (251) 621-3000
Facsimile:    (251) 626-4943
mac@citrinlaw.com

**<u>TO BE SERVED WITH THE COMPLAINT</u>**

ELECTRONICALLY FILED
5/18/2017 4:38 PM
02-CV-2017-901322.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON, as      *
Administratrix of the Estate of GEORGE    *
FREDRICK LEVINGSTON, II, Deceased,    *
                    *

       Plaintiff,              *
                    *

v.                        *    CIVIL ACTION NO. 17-_____
                    *

JOSE AREVALO LUNA; SEAHORSE    *    PLAINTIFF RESPECTFULLY REQUESTS
TRANSPORTATION, INCORPORATED,    *    TRIAL BY JURY
                    *

       Defendants.         *
                    *

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SEAHORSE TRANSPORTATION, INCORPORATED

       COMES NOW Plaintiff and requests that Defendant SEAHORSE

TRANSPORTATION, INCORPORATED answer the following Request for Production:

### REQUEST FOR PRODUCTION

      1.     **Accident Reports.** All reports made to, by, or on behalf of any governmental

agency, police, or law enforcement official regarding the motor vehicle accident referred to in

Plaintiff's Complaint including any entry on an accident register.

**RESPONSE:**


      2.     **Information About the Plaintiff's Family.** All documents, photographs, videos

or other data or information that purport to depict or contain information about any member of

the Plaintiff's family.

**RESPONSE:**

3.    **Photographs.**  All photographs, videotapes, movies, or other visual reproductions of the scene of the motor vehicle accident referred to in Plaintiff's Complaint, the vehicles involved in the motor vehicle accident and/or of Plaintiff.

**RESPONSE:**

4.    **Audiotapes.**  All audiotapes or recordings of calls made to 911, or to other emergency responders, or to you or your representatives, on the date of the collision, which were related to Levinston, Luna, the vehicle involved, any co-driver, or the collision.

**RESPONSE:**

5.    **Drawings.**  All drawings, graphs, charts, and diagrams of the scene of the collision referred to in Plaintiff's Complaint.

**RESPONSE:**

6.    **Statements.**  All records of calls and/or communications made to and/or from employees or agents of the company and the driver and/or occupants of the subject vehicle on the date of the collision, and for 30 days prior to the collision.

**RESPONSE:**

7.    **Immediate Investigation.**  All photographs, notes, measurements and data collected within the five (5) days after the subject collision.

**RESPONSE:**

8. **Expert Opinion Information.**  Any and all notes, recordings, photographs and information gathered by or provided to your experts and relied on in their opinions.

**RESPONSE:**

9. **Insurance.**  A copy of the insurance policy, Declaration Page or Certificate of Coverage for any and all insurance agreements which may indemnify the you and/or Jose Arevalo Luna in whole or in part for any judgment Plaintiff may obtain in the instant action, **including but not limited to** those for any excess and/or umbrella coverage.

**RESPONSE:**

10. **Interrogatories.**  All documents identified in your response to any of Plaintiff's First Interrogatories.

**RESPONSE:**

11. **Ownership**.  Any and all documents and/or records which evidence, concern or relate to the ownership and/or registration of the vehicle driven by Jose Arevalo Luna at the time of the accident made the basis of the above-styled cause.

**RESPONSE:**

12. **Maintenance.**  For the period of time beginning twelve (12) months prior to the collision referred to in Plaintiff's Complaint through the date of your responses, produce all repair records, repair estimates, work orders, invoices, agreements and statements of any maintenance and/or service performed, including but not limited to those maintained in

accordance with the Federal Motor Carrier Safety Administrations Regulations and driver daily vehicle condition reports on the vehicle operated by Jose Arevalo Luna at the time of the motor vehicle accident referred to in Plaintiff's Complaint.

**RESPONSE:**

13.   **Inspections.**  All records of any inspection of the vehicle driven by Jose Arevalo Luna for the date of the collision and the twelve (12) months prior.

**RESPONSE:**

14.   **Data Request.**  All documents relating to the position, location, travel, braking and/or speed of any vehicle driven by Jose Arevalo Luna at any time within the six (6) months prior to the subject collision during his employment or training with SEAHORSE TRANSPORTATION, INCORPORATED.   This request includes, but is not limited to, data created on or maintained by Defendants' computers, including but not limited to data from Defendants' Operations Center that tracks vehicle positions, data from Defendants' utilization of the Qualcomm Satellite System, or a comparable satellite tracking system, vehicle trip recorder information, tachograph charts, and computer generated trip printouts, data from an Electronic Control Module and/or a Crash Data Retrieval System (or "black box"), or data from any other electronic system which measures the vehicle's braking, speed and/or the engine's RPM.

**RESPONSE:**

15.   **Specific Data Request.**  All documents relating to the position, location, travel and/or speed of the vehicle driven by Jose Arevalo Luna on the day of the collision referenced in

4

Plaintiff's complaint and for the thirty (30) day period before the collision.   This request includes, but is not limited to, data created on or maintained by Defendants' computers, including but not limited to data from Defendants' Operations Center that tracks tractor or trailer positions, data from Defendants' utilization of the Qualcomm Satellite System, or a comparable satellite tracking system, tractor trip recorder information, tachograph charts, and computer generated trip printouts, data from an Electronic Control Module and/or a Crash Data Retrieval System (or "black box"), or data from any other electronic system which measures the vehicle's braking, speed and/or the engine's RPM.

**RESPONSE:**


16.    **Diaries or Logs of Jose Arevalo Luna.**  Any diaries or logs kept by Jose Arevalo Luna or created on his behalf regarding the trip during which the collision occurred, and during his employment or training with you during the six (6) months preceding the collision, including records of duty status or driver's daily logs and any summaries.

**RESPONSE:**


17.    **Log Audits.**  All records of any audits of Jose Arevalo Luna's logs at any time during his employment with you.

**RESPONSE:**


18.    **Duty Status**.  All documents reflecting or pertaining to Jose Arevalo Luna's record of duty status at any time during his employment or training with you.

**RESPONSE:**

19.    **Trip Reports**.    All trip reports, including all daily log summaries, for Jose Arevalo Luna at any time during the 30 days preceding the collision.

**RESPONSE:**

20.    **Purchase Records.**  All credit card receipts or other records reflecting any type of purchase by Jose Arevalo Luna made while performing duties and/ or training for you at any time during the 30 days preceding the collision.

**RESPONSE:**

21.    **Fuel Receipts.**  All fuel receipts and any other records of fuel purchased by Jose Arevalo Luna at any time during the 30 days preceding the collision.

**RESPONSE:**

22.    **Travel Documents.**  All receipts or documents obtained by Jose Arevalo Luna (or relating to work performed by Jose Arevalo Luna), including receipts for meals, motels, lodging, weight tickets, permits, maintenance, repair or tolls at any time during the 30 days preceding the collision.

**RESPONSE:**

23.    **Dispatch.**  Please produce all documents and data relating to dispatch and/or operational records, logs, notes and orders which relate in any way to Jose Arevalo Luna and/or his vehicle at any time during the 30 days preceding the collision.

**RESPONSE:**

24.   **Cellular Phone Records**.   All documents that evidence cellular phone calls, including records of text messages made and/or received  by Jose Arevalo Luna for the period of 30 days preceding the collision and 24 hours following the collision, including but not limited to, phone bills, statements, logs, etc.

**RESPONSE:**

25.   **Call-In Records.**   All documents, emails, and qualcom messaging regarding or memorializing communications between you and Jose Arevalo Luna at any time during the 30 days preceding the collision.

**RESPONSE:**

26.   **Personnel File of Jose Arevalo Luna**.   All documents contained in any file, including any personnel file, that relate to and/or mention Jose Arevalo Luna, including but not limited to the following:

      a.   All pre-employment questionnaires or other documents provided to you by Jose Arevalo Luna before his hiring;

      b.   Jose Arevalo Luna's employment application(s);

      c.   All of Jose Arevalo Luna's violation statements;

      d.   Documents pertaining to road and written tests administered to Jose Arevalo Luna;

e.      All certificates regarding testing that were issued by you or any other motor carrier to Jose Arevalo Luna;

f.      All documents received from other employers of Jose Arevalo Luna regarding Jose Arevalo Luna and all documents memorializing information regarding Jose Arevalo Luna obtained from other employers of Jose Arevalo Luna;

g.      All documents arising out of inquiries into Jose Arevalo Luna's driving record and copies of his medical cards and motor carrier certification of driver qualifications cards;

h.      All records reflecting Jose Arevalo Luna's work and/or training attendance and time off from work and/or training;

i.      All documents regarding Jose Arevalo Luna's hiring, any suspensions, termination, warnings to or discipline of Jose Arevalo Luna, and complaints regarding Jose Arevalo Luna;

j.      All documents regarding terminal audits and roadside equipment and/or driver inspection reports, traffic citations or traffic warnings regarding Jose Arevalo Luna;

k.      All photographs of Jose Arevalo Luna in your possession;

l.      Copies of Jose Arevalo Luna's driver license(s);

m.      Copies of Jose Arevalo Luna's Social Security Card;

n.      Copies of Jose Arevalo Luna's passport or any other documents evidencing his citizenship;

o.      All reviews or evaluations of Jose Arevalo Luna, including any safety or

performance awards; and,

p.      All documents pertaining to any drug testing of Jose Arevalo Luna at any

point in time.

**RESPONSE:**

27.      **Changes to Personnel File.**  All documents removed from Jose Arevalo Luna's

personnel file at any time.

**RESPONSE:**

28.      **Driver Qualification File – Jose Arevalo Luna.**  All documents and tangible

things contained in Jose Arevalo Luna's "driver qualification file."

**RESPONSE:**

29.      **Changes to Driver Qualification File.**  All documents and tangible things ever

removed from Jose Arevalo Luna's "driver qualification file."

**RESPONSE:**

30.      **Financial Records.**  All documents reflecting financial and monetary transactions

(e.g., salary, expense reimbursement, etc.) involving Jose Arevalo Luna and arising out of his

performance of job or training duties for you at any time during his employment or training with

you during the six (6) months preceding the subject collision.

**RESPONSE:**

31.     **Payroll Records.**  All pay records for Jose Arevalo Luna as an employee, driver or trainee for you during the six (6) months preceding the subject collision.

**RESPONSE:**

32.     **Written Agreements.**  All written agreements or arrangements between Jose Arevalo Luna concerning the use of the vehicle being operated by Jose Arevalo Luna at the time of the collision referred to in Plaintiff's complaint, and all written agreements between Jose Arevalo Luna and you concerning Jose Arevalo Luna's employment or training with you.

**RESPONSE:**

33.     **Driver Training School.**  All records relating to Jose Arevalo Luna's attendance in any driver training school conducted by you or by any other entity.

**RESPONSE:**

34.     **Training Documents.**  All driver manuals, driver training materials, driver safety materials, guidelines, policies, procedures, rules or regulations, including but not limited to all documents, sign-in sheets or other records of attendance, photographs, slides, computer programs, motion pictures or videotapes, provided or made available to Jose Arevalo Luna by you from the time of Jose Arevalo Luna's hire until the time of the collision.

**RESPONSE:**

35.    **Documentation of Evaluation**.    All documents, emails, correspondence, etc. which in any way make reference to any observation, evaluation, recommendation, or concern regarding Jose Arevalo Luna's performance during training or his ability to operate a vehicle or pass a driving test.

**RESPONSE:**

36.    **Written Warnings.**    All documentation regarding warnings, tickets, or citations issued to Jose Arevalo Luna within five (5) years prior to the collision referred to in Plaintiff's Complaint and at any point subsequent.

**RESPONSE:**

37.    **Reports of Careless Driving.**    All documents pertaining to any report of inattentive, careless, unsafe or reckless driving and/or speeding made regarding Jose Arevalo Luna.

**RESPONSE:**

38.    **Notification of Convictions for Driver Violations.**    All documents evidencing any notification ever made to you of any convictions for driver violations made by Jose Arevalo Luna.

**RESPONSE:**

11

39.   **Notification of Driver's License Suspension.**   All documents in your possession, custody or control evidencing any notification ever made to you regarding any suspension of Jose Arevalo Luna's license.

**RESPONSE:**

40.   **Investigation and Inquiries.**   All documents and tangible things in your possession, custody or control pertaining to any "investigation and inquiries" made by and/or on behalf of you pursuant to 49 C.F.R. Section 391.23 regarding Jose Arevalo Luna.

**RESPONSE:**

41.   **Record Reviews.**   All documents and tangible things in your possession, custody or control pertaining to reviews you performed of Jose Arevalo Luna's driving record.

**RESPONSE:**

42.   **List of Violations.**   All documents and tangible things pertaining to any "lists" or certifications ever provided to you by Jose Arevalo Luna pursuant to 49 C.F.R. Section 391.27.

**RESPONSE:**

43.   **Drug and Alcohol Testing.**   All documents and tangible things pursuant to any alcohol and/or controlled substance testing of Jose Arevalo Luna performed pursuant to 49 C.F.R. Part 382, including, but not limited to the following:

      a.   On-duty testing;

      b.   Pre-duty testing;

     c.     Post-accident testing;

     d.     Controlled substance testing;

     e.     Pre-employment testing;

     f.     Random testing;

     g.     Reasonable suspicion testing;

     h.     Return-to-duty testing; and

     i.     Follow-up testing.

**RESPONSE:**

44.    **Refusal.**  All documents and tangible things pertaining to any refusals by Jose Arevalo Luna to ever submit to an alcohol and/or controlled substances test.

**RESPONSE:**

45.    **Discipline.**  All documents, including but not limited to reports, memos, notes, or logs evidencing complaints about Jose Arevalo Luna arising out of his job as a professional driver and/or as a driver trainee, along with any investigation or disciplinary action which was taken or contemplated.

**RESPONSE:**

46.    **Driving Experience.**  All records relating to Jose Arevalo Luna's driving experience including, but not limited to, driver's licenses, chauffeur licenses, documents reflecting license revocation and/or suspension and Jose Arevalo Luna's employment history as a professional driver.

13

**RESPONSE:**


47.   **Collisions, Accidents or Injuries.**   All documents relating to any collisions, accidents, personal injury or death which Jose Arevalo Luna has caused or been involved with, including all reports by defendant Jose Arevalo Luna to any company of any such accident, for the period of five (5) years prior to the occurrence in question and at any point subsequent.

**RESPONSE:**


48.   **Policy or Procedures Manual.**   Any documents setting forth policies or procedures that applied to Jose Arevalo Luna and/or the operation of the vehicle operated by Jose Arevalo Luna at the time of the collision referred to in Plaintiff's Complaint, including but not limited to all employment, safety, and/or procedural manuals or driver manuals provided or made available to Jose Arevalo Luna by you.

**RESPONSE:**


49.   **Specific Policies and Procedures.**   All documents and tangible things that evidence or discuss your policies and procedures regarding the performance of "investigation and inquiries" pursuant to 49 C.F.R. Section 391.23 regarding Jose Arevalo Luna.

**RESPONSE:**


50.   **Other Written Agreements.**   All documents and tangible things that evidence, concern or relate to any and all written agreements, contracts, indemnity agreements, payments, releases, memoranda of understanding, purchase orders, leasing agreements, or other type of

14

documentation by and between SEAHORSE TRANSPORTATION, INC. and any other entity, person, firm or corporation.

**RESPONSE:**

51.   **Corporate Documents & Records:**   Any and all documents which evidence, relate to, concern and/or refer to the corporate structure of SEAHORSE TRANSPORTATION, INC, including but not limited to any and all Articles of Incorporation, Articles of Organization, Articles of Association, Certificates of Incorporation, Certificates of Organization, By-Laws, Merger Agreements, Meeting Minutes, reports to any Secretary of State of any state where you are incorporated, organize or registered to do business, stock subscription agreement, proxies, share certificates, stock ledger, shareholder lists, lists of officers and/or members, shareholder reports, resolutions, powers of attorney, consent of agent, financial records, balance sheets, profit and loss statements, dividends, any amendments to any corporate documents listed above, and any amendments to any other corporate document.

**RESPONSE:**

Respectfully submitted,

CITRIN LAW FIRM, P.C.
Attorney for Plaintiff

*/s/ Samuel P. McClurkin, IV*
SAMUEL P. McCLURKIN, IV (MCC166)
Post Office Box 2187
Daphne, Alabama  36526
Telephone:     (251) 621-3000
Facsimile:      (251) 626-4943
mac@citrinlaw.com

**TO BE SERVED WITH THE COMPLAINT**



AlaFile E-Notice

02-CV-2017-901322.00

To:   SAMUEL P MCCLURKIN IV
      mac@citrinlaw.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL
02-CV-2017-901322.00

The following complaint was FILED on 5/16/2017 4:37:40 PM

Notice Date:      5/16/2017 4:37:40 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-901322.00

To:  SEAHORSE TRANSPORTATION, INCORPORATED
POST OFFICE BOX 3767
BROWNSVILLE, TX, 78521

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL
02-CV-2017-901322.00

The following complaint was FILED on 5/16/2017 4:37:40 PM

Notice Date:     5/16/2017 4:37:40 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-901322.00

To:  SEAHORSE TRANSPORTATION, INCORPORATED
3051 NORTH INDIANA AVENUE
BROWNSVILLE, TX, 78526

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL
02-CV-2017-901322.00

The following complaint was FILED on 5/16/2017 4:37:40 PM

Notice Date:      5/16/2017 4:37:40 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



AlaFile E-Notice

02-CV-2017-901322.00

To:  JOSE AREVALO LUNA
     217 SOUTH REYNOLDS STREET
     RIO HONDO, TX, 78583

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL
02-CV-2017-901322.00

The following complaint was FILED on 5/16/2017 4:37:40 PM

Notice Date:     5/16/2017 4:37:40 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

Revised 1-1-04; 4-1-99; 11-1-99

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

*Elizabeth Levingston*

Plaintiff(s)                                    *

vs.                                             *        CIVIL ACTION NO. CV479013ƏƏ

                                                *        DATE COMPLAINT FILED 5-16-17

*Jose Arevalo Luna, et. al.*

                                                *
Defendant(s)                                    *

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court. Oral argument may be requested on an exclusion motion. If a cause is excluded from the system by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the general pre-trial portion of this order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing the Motion to Set and Certificate of Readiness requests an additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or the parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such a motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed" on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available of in the clerk's office and will contain the following information:

(1)      The date the complaint was filed;

(2)    That the issues in the case have been defined and joined;

(3)    That all discovery has been completed or will be completed within 60 days after the filing of the Certificate of Readiness;

(4)    That a jury trial has or has not been demanded;

(5)    The expected length of the trial expressed in hours and/or days;

(6)    A brief description of the plaintiff's claim;

(7)    The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

(8)    That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

(9)    That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

(10)    That the movant certifies that he/she has read the pre-trial order, that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reasons therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court.

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form.)

NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of to status or state of the case (discovery stage, active calendar or trial calendar):

GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedure, it is ORDERED by the Court that the following will apply:

1.   EXHIBITS, DOCUMENTS, AND PHYSICAL EVIDENCE, GENERALLY

a.   Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 says prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed document, exhibit, or physical evidence. The requirement does not apply to documents, exhibits and physical evidence used solely as impeachment evidence.

b.   Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at the trial unless solely for impeachment purposes or unless the ends of justice so require.

c.   Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

2.   DOCTOR, HOSPITAL AND MEDICAL RECORDS

a.   If applicable, all doctor, medical and hospital bills shall be sent to or made available to all parties not less than 21 days before trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bills be made to the Court no less than 14 days before trial specifying the grounds for objection.

b.   Any such bills not timely exhibited to the other parties will not be admitted in evidence at trial unless the ends of justice so require.

c.   The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

3.   DAMAGES

a.   All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days before trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b.   Evidence of special damages claimed, but not timely exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

4.   AGENCY-TIME AND PLACE-DUTY

a.   Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or the grounds relied on.

5.    EXPERTS

a.    Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b.    Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c.    Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d.    Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

6.    JURY INSTRUCTIONS

If the case is to be tried by a jury, requested written charges shall be submitted to the Court not later than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

7.    JURY SELECTION

Before the commencement of trial, the parties will furnish or advise the court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

8.    DUTY TO SUPPLEMENT DISCOVERY

All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which should be done not less than 30 days before trial.

9.    MOTIONS GENERALLY

If motion to strike or motion to dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

10.    CONFLICTS

In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED by the Court that the Court will reconsider any portion of the General Pre-Trial Order upon timely application by any party.

Done this the ___17th___ day of ___May, 2017.___

Presiding Judge, John R. Lockett

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | ORIGINAL | SUMMONS<br>- CIVIL - | Court Case Number<br>02-CV-2017-901322.00 |

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
## ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL

**NOTICE TO:** JOSE AREVALO LUNA, 217 SOUTH REYNOLDS STREET, RIO HONDO, TX 78583

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), SAMUEL P MCCLURKIN IV

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 2187, DAPHNE, AL 36526

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of ELIZABETH LEVINGSTON pursuant to the Alabama Rules of the Civil Procedure. *(Name(s))*

| 5/16/2017 4:37:40 PM | /s/ JOJO SCHWARZAUER | By: |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.

/s/ SAMUEL P MCCLURKIN IV
*(Plaintiff's/Attorney's Signature)*

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room G938
205 Government Street
Mobile, Alabama 36644-2936

## RETURN ON SERVICE

*(Date)*

...s and Complaint or other document to

_____ County,

*(Name of County)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

*(Address of Server)*

*(Phone Number of Server)*

**01322.00**
SE AREVALO LUNA ET AL

D001 - JOSE AREVALO LUNA
*(Defendant)*

## SERVICE RETURN COPY

# ORIGINAL

AVSO305

ALABAMA JUDICIAL DATA CENTER
MOBILE      COUNTY

ORDER FOR SERVICE AND RETURN

CV 2017 901322.00
RODERICK P. STOUT

```
--------------------------------------------------------------------
```

IN THE CIRCUIT  COURT OF   MOBILE      COUNTY

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL

SERVE ON:  D001

LUNA JOSE AREVALO
217 SOUTH REYNOLDS STREET

RIO HONDO      ,TX  78583-0000

NOTES:
YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE

```
--------------------------------------------------------------------
```

TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.

05/17/2017  DATE          CLERK: JOJO SCHWARZAUER)            BY
                                 205 GOVERNMENT STREET
                                 MOBILE  AL  36644-2936
                                 (251)574-8420

```
--------------------------------------------------------------------
```

I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
DOCUMENT IN _____ COUNTY, ALABAMA
TO:

_____                SIGNATURE OF SERVER

_____

NAME / ADDRESS ABOVE                     DATE

```
--------------------------------------------------------------------
```
OPERATOR: RUP
PREPARED: 05/17/2017

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:   ☐ No



3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

## SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

JOSE AREVALO LUNA
217 SOUTH REYNOLDS STREET
RIO HONDO, TX 78583

9590 9402 2315 6225 4120 32

2. Article Number (Transfer from service label)

7016 0600 0000 2623 6

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

USPS TRACKING #

9590 9402 2315 5229 4120 32

**United States**
**Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room 1400
205 Government Street
Mobile, Alabama 36644-2933

2017 MAY 26



**AlaFile E-Notice**

02-CV-2017-901322.00

Judge: JUDGE RICK STOUT

To:   MCCLURKIN SAMUEL PRESTON
      mac@citrinlaw.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

ELIZABETH LEVINGSTON V. JOSE AREVALO LUNA ET AL
02-CV-2017-901322.00

The following matter was served on 5/26/2017

**D001 LUNA JOSE AREVALO**

**Corresponding To**

CERTIFIED MAIL

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov