# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH LEVINGSTON, as Administratrix of the Estate of GEORGE FREDERICK LEVINGSTON, II, Deceased | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 17-0280-CG-B |
| JOSE AREVALO LUNA; SEAHORSE TRANSPORTATION, INCORPORATED, | ) ) | |
| Defendants. | | |

## ORDER

This matter is before the Court on Defendants' Motion to Strike and Preclude Plaintiff's Expert Witness pursuant to Federal Rules of Civil Procedure 16(f)(1)(c), 26(a)(2), and 37(c)(1) due to Plaintiff's failure to comply with the Court's Rule 16(b) Scheduling Order. (Doc. 17). After review of Defendants' Motion and for the reasons set forth herein below, Defendants' Motion (Doc. 17) is DENIED.

## BACKGROUND

Plaintiff filed this wrongful death action on May 16, 2017, in the Circuit Court of Mobile County, Alabama following the death of George Levingston, II, as a result of a wreck involving a tractor trailer driven by Defendant Jose Arevalo Luna ("Luna"). (Doc. 1). The action was subsequently removed to this Court on June 19, 2017. (*Id.*) On August 4, 2017, this Court entered a Rule 16(b) Scheduling Order which set the deadline for Plaintiff to disclose experts pursuant to Federal Rule of

Civil Procedure 26(a)(2) for November 13, 2017. (Doc. 7 at 2). The Scheduling Order also set the discovery deadline for January 12, 2018. (*Id*. at 1).

On August 17, 2017, Defendants propounded their first set of discovery to Plaintiff to which Plaintiff responded on September 20, 2017. (Doc. 17 at 2). In response to Defendants' request for Plaintiff to identify expert witnesses she intended to call at trial, Plaintiff identified Bradley Parden ("Parden") with Data Recovery Solutions, Southeast Forensic Consultants[1] and indicated supplementation would be forthcoming. (*Id*.) Defendants' Requests for Production additionally requested the curriculum vitae, relevant correspondence, and additional supporting documents related to Plaintiff's experts. (*Id*. at 3). On September 6, 2017, Defendants were given, via email, an "Extraction Report" which Defendants understood to be a download of information of Luna's cellphone. (*Id*.) Seven days after the expert disclosure deadline, on November 20, 2017, Plaintiff's counsel sent Defendants' counsel an email stating: "Please see attached the supplemental report of our expert. Thank you." (Doc. 17-3). Attached to the email was a "Data Recovery Solutions LLC Forensic Report" prepared by Parden. (Doc. 17-4).

Defendants filed the instant motion on December 7, 2017, asserting that Plaintiff should be precluded from using any expert opinions or testimony at trial due to Plaintiff's failure to comply with the Rule 16(b) Scheduling Order or Federal Rule 26(a)(2). (Doc. 17, generally). On January 24, 2018, Plaintiff timely responded

---

[1] Parden is described by Plaintiff as a "cell phone download expert". (Doc. 31 at 1).

2

to Defendants' motion arguing Plaintiff properly disclosed its expert witness, that no prejudice would result should Plaintiff's expert be allowed to testify, or that alternatively, Plaintiff's failure to properly disclose, if such occurred, was the result of excusable neglect and should not prevent the expert's testimony at trial. (Doc. 31, generally).[2] Defendants timely replied on January 31, 2017. (Doc. 33).

## DISCUSSION

Defendants' motion is straight forward, it seeks exclusion of Plaintiff's expert, Parden, based on Plaintiff's failure to comply with the expert disclosure deadline in this Court's Scheduling Order and pursuant to Rule 26(a)(2) because the untimely disclosure still failed to provide the other related documents required by the rules, i.e., curriculum vitae, list of cases where expert was involved, fee schedule, etc. (Docs. 17, 33, generally).

In response, Plaintiff argues that her expert disclosures were timely. (Doc. 31 at 4). More specifically, Plaintiff asserts Parden's identity was disclosed within three weeks of the underlying wreck occurring, that counsel for the parties exchanged thirteen emails and numerous phone calls regarding Plaintiff's expert, that defense counsel was present at two separate meetings wherein Parden downloaded the content of Luna's cell phone, that Parden was disclosed in response

---

[2] Plaintiff alternatively seeks, in her response, a belated extension of the expert disclosure deadlines. However, inclusion of such a request in a response to a motion does not render the requests properly before this Court and the Court will not entertain Plaintiff's request at this time. *See Clark v. Hill*, 2013 WL 6987627 *5 (N.D. Ala. December 11, 2013).

3

to written discovery and that Parden's first expert report, identified as an "Extraction Report" was provided to Defendants prior to the deadline to provide expert reports. (*Id*.) Plaintiff alternatively asserts that Defendants will not be unduly prejudiced should Parden be allowed to testify given Plaintiff's longstanding knowledge of Parden, because Plaintiffs have had their own similar expert, and because trial was still eight months away when Parden's report was provided. (Doc. 31 at 4-6). Lastly, Plaintiff asserts that even if Plaintiff's expert disclosure was not timely, and would cause undue prejudice, Parden should still be allowed to testify because the untimeliness was the result of excusable neglect, i.e., Plaintiff's counsel's improperly calendaring the expert disclosure deadline. (Doc. 31 at 6-8).

Defendants do not contest that Parden's identity was known prior to the deadline for expert disclosures and there is no dispute that Parden did provide an Extraction Report prior to the expert disclosure deadline, although Defendants contest that the same was an actual expert report. The parties also agree that Plaintiff did provide a second report to Defendants, albeit seven days after the relevant deadline. However, in reply, Defendants argue that even if the untimely disclosure was not prejudicial or was the result of excusable neglect, to date, Plaintiff's disclosures remain unjustifiably insufficient pursuant to Federal Rule 26, which is prejudicial because discovery is now closed. (Doc. 33, generally).

The relevant portion of this Court's Scheduling Order states as follows:

EXPERT TESTIMONY. The disclosure of expert testimony as required by Fed.R.Civ.P. 26(a)(2) is to be made by Plaintiff on or before November 13, 2017. The disclosure of expert testimony as required by

Fed.R.Civ.P. 26(a)(2) is to be made by Defendants on or before December 13, 2017.

(Doc. 7 at ¶ 6). Federal Rule of Civil Procedure 26 requires that any expert witness "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The Rule 26(a)(2)(B) report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). "A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed.R.Civ.P. 37(c)(1). The burden is on the nondisclosing party to demonstrate either that its failure to disclose was substantially justified or that the failure is harmless. *See Abrams v. Ciba Specialty Chemicals Corp.*, 2010 WL 779283, note 13 (S.D. Ala. March 2, 2010) (citations omitted). This determination is left to the broad discretion of the lower court.

5

Fed.R.Civ.P. 37(c). Similarly, the determination whether to exclude the non-disclosed information or to select a different sanction is left to the discretion of the lower court. *Id.*; *See also Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004) (opining that it is "within the sound discretion of the trial judge to sanction plaintiffs for their failure to disclose by enforcing the unambiguous terms of Rule 37(c)").

In the instant action, Plaintiff argues that her expert disclosures were timely because she both identified the expert and provided Defendants with an Extraction Report prior to November 13, 2017. Plaintiff's argument is not compelling as it clear that the Extraction Report does not contain the expert's opinions. (*See* Doc. 17-2). Therefore, this Court agrees, that the disclosure of Plaintiff's expert report produced on November 20, 2017, was untimely. As a result, it must be determined in this instance, whether Plaintiff was justified in her untimeliness and/or whether her non-compliance was harmless.

A court determining whether a failure to disclose was substantially justified or harmless is guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols.*, LLC, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012) (quotation and citation omitted).

6

Plaintiff does not use the terms "justified" or "harmless", but argues that her untimeliness was inadvertent and the result of a calendaring error on the part of office staff. Plaintiff also urges that because Defendants have known of the expert, were present when the cell phone extractions took place, had time to depose the expert prior to the close of discovery, and because trial was still eight months away when the report was provided, Defendants are not prejudiced by the seven-day delay in receiving Parden's report. (Doc 31, generally). Plaintiff has additionally pointed out factual distinctions between the instant action and every case cited to by Defendants in their motion supporting exclusion of Parden. This Court has reviewed each of those cases and agrees that the factual distinctions are substantive in that almost all of the cases relied on by Defendants involved circumstances wherein disclosures were significantly more delayed, where experts were wholly unknown prior to the untimely disclosures, and/or the disclosures either provided no report whatsoever, or the reports did not contain any of the expert's anticipated opinions.[3]

Keeping in mind that "the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise," *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on*

---

[3] *See White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669-70 (M.D. Ala. 2002); *St. Paul Fire and Marine Ins. Co. v. Drummond Co.*, 2013 WL 12147716 *5 (N.D. Ala. January 28, 2013); *Bearint v. Dorel Juvenile Group, Inc.*, 389 F.3d 1339, 1348-49, 1353-54 (11th Cir. 2004); *Davis v. City of Springfield*, 2006 WL 2699333, at *3 (C.D. Ill. September 19, 2006); *Regents v. Genesearch, LLC*, 81 Fed. Appx. 335, 337 (Fed. Cir. 2003); *LaPlace-Bayard v. Battle*, 295 F.3d 157, 161-62 (1st Cir. 2002).

*other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58 (2006), this Court does not find that total exclusion of Plaintiff's expert witness is warranted at this time. Rather, because Defendants have known of the existence of Plaintiff's retained expert and of his identity and because Defendants have actively participated in the meetings wherein Plaintiff's expert extracted the cell phone data and lastly, because the expert's report was delayed only seven days, the Court finds that the factors to be considered weigh in Plaintiff's favor. That is, Defendants were not surprised, there remained time to conduct necessary discovery after the delay, trial has not been disrupted, the expert will play a significant role in Plaintiff's case, and the seven-day delay was the result of an inadvertent mistake. Accordingly, the untimeliness of the production of the expert report was harmless. For many of the same reasons and because Parden's report does, in fact, include a list of his training and certification, a general description of the types of trials in which he has participated, a list of items he reviewed and the basis of his opinions, this Court also finds that Plaintiff's failure to provide Defendants with Parden's curriculum vitae, fee schedule, documentation supporting his opinion, etc., (to the extent they may exist) pursuant to Rule 26 is equally harmless.[4] That being said, if Plaintiff has still not provided Defendants with the supporting documentation pursuant to

---

[4] Defendants, on multiple occasions, reference Plaintiff's alleged failure to adequately supplement its responses to Defendants' discovery request in support of exclusion of Parden. While Defendants may be correct that Plaintiff's discovery responses should have been supplemented, no motion to compel has been or is currently before this Court and even if Plaintiff were to supplement, it would not cure the alleged deficiencies with her expert disclosures.

8

Rule 26 as Defendants contend, then Plaintiff's disclosures continue to be non-compliant and supplementation is warranted.[5] *See Prieto v. Malgor*, 361 F.3d 1313, 1317-18 (11th Cir. 2004) ("Notice of the expert witness' name is not enough. Each witness must provide a written report containing 'a complete statement of all opinions to be expressed and the basis and reasons therefor,' as well as information about the data considered, the witness' qualifications, the compensation earned, and any other recent cases in which he or she offered testimony.") (citing Rule 26(a)(2)(B) of Federal Rules of Civil Procedure). As such, Plaintiff is ORDERED to supplement her disclosures with the required supporting material by **not later than February 23, 2018.** *See Heard v. Town of Camp Hill, 2017 WL 3622781 at \*4 (M.D. Ala. August 23, 2017) citing to Brown v. Best Foods*, 169 F.R.D. 385, 389 (N.D. Ala. 1996) (ordering supplemental Rule 26(a)(2) disclosures as a substitute to excluding testimony).

    **DONE** and **ORDERED** this 14th day of February, 2018.

                               /s/ Callie V. S. Granade
                               SENIOR UNITED STATES DISTRICT JUDGE

---

[5] This Court's leniency should not be interpreted as an opportunity to freely supplement Parden's *report*. Further, to the extent that Defendants request that this Court exclude any future supplemental expert report that includes "additional opinions, facts, support, qualifications, or other information" such a motion is premature at this time and the Court will consider the same on the merits if and when the issue arises.